Pearson, J.
 

 Where an action can be maintained upon the
 
 special contract,
 
 the defendant is not at liberty to reduce the damages, by showing that the property was unsound, and relying upon a warranty or a deceit, or by showing that the articles were of inferior quality, or that the work done "was defective, or that the services contracted for, were only partially rendered. But, when the plaintiff is driven to his
 
 quantum valebat,
 
 or
 
 quantum meruit,
 
 the damages may be reduced by proof of this sort, the distinction being between a partial and a total failure of consideration. In the former case, such matter must be made the subject of an independent action. The fact, that a slave, for instance, is unsound, ought not to be allowed to reduce the damages in an action for the price. If a deceit was practiced, the defendant has his remedy. It would be inconvenient, and the plaintiff’s case would be too much complicated, if the jury, w'hile trying his case, were required to go into the trial of an action of deceit, at the instance of the defendant, which action, the plaintiff is not presumed to have come prepared to defend. Besides, suppose the damages are reduced in the manner here attempted, and the defendant should afterwards bring his action of deceit, how is the plaintiff to avail himself of the fact ?”
 
 McEntyre
 
 v.
 
 McEntyre,
 
 12 Ire. 299;
 
 Galdwell
 
 v.
 
 Smith,
 
 4 Dev. and Bat. 64;
 
 Washburn
 
 v.
 
 Bacot,
 
 3 Dev. Rep. 396.
 

 Where the plaintiff is forced to sue for the value of the
 
 *82
 
 articles, or of the work, or services, the question of damages is open, except that, in respect to the amount, be'is restricted by the terms of the special contract, and the price agreed is made the standard ;
 
 Farmer
 
 v. Francis, 12 Ire. 280;
 
 Dickson
 
 v.
 
 Jordan,
 
 Ibid.
 
 19.
 

 The subject is very much complicated by conflicting decisions in the English courts. In some, the principles of the common law are rigidly enforced; in others, they are modified by an importation of ideas from the civil law, and the distinction between an action on the special contract, and an action for what the articles or labor are reasonably worth, which is an equitable action, is lost sight of.
 

 There is no difficulty in regard to the rule as established by the decisions of the court: Our case turns upon its application.
 

 The plaintiff continued in the service of the defendant for the
 
 entire tíme,
 
 according to the contract. It may be true, he was lazy and trifling, and not sufficiently regardful of the interest of his employer, still he served out his time. If he had left before the end of the year, or had done any act amounting to an abandonment of the service, or an unequivocal refusal to perform his duty, the case would fall under the principle of
 
 White
 
 v.
 
 Brown,
 
 2 Jones’ Rep. 403;
 
 Dula
 
 v.
 
 Cowles,
 
 Ibid. 454, and other cases; and the action on the special contract could not have been maintained." So, if the defendant had, during the year, notified him of his remissness in the discharge of his duty, and he had refused to alter his conduct, it may be there would have been sufficient ground to justify his discharge ; but this was not'done.
 

 To the suggestion, that to allow the damages to be reduced would prevent the necessity of a second action, and thus avoid a multiplicity of suits, the reply is, besides the inconvenience pointed out above, as attending such a mode of proceeding, it would have the effect of encouraging purchasers and employers to refuse to pay the price agreed on; for, if allowed to reduce the damages, by proof of alleged inferiority in the quality of the articles sold; or remissness of duty on the part
 
 *83
 
 of one who has agreed to perform services at a stipulated price, they would be much tempted to raise a difficulty in respect thereto, and thus the amount of litigation would be greatly .increased.
 
 Caveat emptor
 
 (the principle of which extends to employers) is a maxim of the common law. A purchaser should examine the articles before he buys; an employer should make the necessary enquiries as to character, &c., before he takes a man into his employment at a stipulated price; or else he should protect himself by requiring such agreements and covenants, as will enable him to recover damages ; but he should pay the stipulated price, unless there be such a total failure of consideration, or abandonment of his service, or unequivocal act of refusal to perform the duty, as will defeat an action on the special contract.
 

 We are of opinion with his Honor, that the evidence offered by the defendant, was the subject of a cross action, and could not be allowed to have the effect of reducing the damages. There is no error.
 

 Pee CueiaM, Judgment affirmed.